959 F.2d 239
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ARTAS FILM & TV PRODUCTIONS GMBH, Plaintiff-Appellant,
v.
W. Roger SHEPHERD, et al., Defendant,
and
Harvey Goldsmith; Harvey Goldsmith Entertainments Ltd.,
Defendants-Appellees.
 No. 90-55008.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1992.
Decided April 9, 1992.
 
 Before BOOCHEVER, WILLIAM A. NORRIS and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Artas Film and Television Productions ("Artas") appeals the district court's dismissal of defendants Harvey Goldsmith and Harvey Goldsmith Entertainments, Ltd. from this suit for lack of personal jurisdiction. We affirm.
 
 
 3
 * This case arises from the aborted production of a benefit concert that was to take place in Moscow for the victims of the Armenian earthquake. Artas, a German company, obtained the rights to produce this concert from Gosconcert, the official Soviet concert production agency. Artas then entered into an agreement with Roger Shepherd, a concert promoter who operates a Los Angeles-based corporation, Pacific Concerts.
 
 
 4
 Subsequently, Shepherd contacted Harvey Goldsmith, a major concert promoter and president of the London-based Goldsmith Entertainment. In the wake of these contacts, Shepherd cancelled his agreement with Artas and cooperated with Goldsmith to produce an alternate benefit concert.
 
 
 5
 Artas brought suit in the United States District Court for the Central District of California against several defendants, including Shepherd, Goldsmith and Goldsmith Entertainment. The Goldsmith defendants moved to be dismissed from the suit for lack of personal jurisdiction. The district court granted the motion. This timely appeal ensued.[1]
 
 II
 
 6
 We review de novo the grant of a motion to dismiss for lack of personal jurisdiction. FDIC v. British-American Insurance Co., 828 F.2d 1439, 1441 (9th Cir.1997). Plaintiff bears the burden of establishing that the court has personal jurisdiction. Id.
 
 
 7
 In Roth v. Garcia Marquez, 942 F.2d 617 (9th Cir.1991), we summarized the law governing personal jurisdiction in California. We said:
 
 
 8
 The California long-arm statute provides that jurisdiction may be exercised over non-resident defendants "on any basis not inconsistent with the Constitution of this state or of the United States." Cal.Civ.Proc.Code § 410.10. Since California's jurisdictional statute is coextensive with federal due process requirements, the jurisdictional inquiries under state law and federal due process merge into one analysis. FDIC, 828 F.2d at 1441. The due process clause prohibits the exercise of jurisdiction over nonresident defendants unless those defendants have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal citations omitted).
 
 
 9
 We have interpreted International Shoe and its progeny as allowing jurisdiction by California courts over a nonresident defendant if he has enough continuous contacts with California to subject him to the courts general jurisdiction or if the specific cause of action arises out of a defendant's more limited contacts with the state so that California may exercise limited or specific jurisdiction over him.
 
 
 10
 Id. at 620 (emphasis in original). Applying this framework, the district court below ruled that it had neither general nor specific jurisdiction over the Goldsmith defendants and dismissed the suit against them.
 
 
 11
 * Courts exercise general jurisdiction over a defendant if the defendant has sufficiently "continuous and systematic" contacts with the forum state. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 (1984). The existence of general jurisdiction permits a court to adjudicate any claim against a defendant, including a claim arising from activities wholly unrelated to the forum. General jurisdiction is easily established when the defendant is a resident of the forum state. See Pennoyer v. Neff, 95 U.S. 714, 720 (1878). When, however, the defendant is not a resident of the forum state, courts may exercise general jurisdiction only if it can be proven that defendant's "contacts with the [forum] state ... constitute the kind of continuous and systematic general business contacts the Court found to exist in Perkins." Helicopteros, 466 U.S. at 416 (referring to Perkins v. Benquet Consolidated Mining Co., 342 U.S. 437 (1952)).
 
 
 12
 In Perkins, the Court upheld general jurisdiction in Ohio against a Philippine company, whose president and general manager had maintained an office in Ohio during the Japanese occupation of the Philippines. The Court relied on the fact that the president of the company had conducted many activities on behalf of the company from this office: "He kept company files and held directors' meetings in the office, carried on correspondence relating to business, distributed salary checks drawn on two active Ohio bank accounts, engaged an Ohio bank to act as the transfer agent, and supervised policies dealing with the rehabilitation of the corporation's properties in the Philippines." Helicopteros, 466 U.S. at 415 (summarizing Perkins, 342 U.S. at 448). In Helicopteros, by contrast, the Court disapproved general jurisdiction even though the defendant corporation had purchased helicopters and equipment for many years in Texas and sent pilots and management personnel to Texas for training in the use of this equipment and to consult the seller on technical matters.
 
 
 13
 Far from having the kind of contacts with California that Perkins requires, defendant Goldsmith Entertainment has had even fewer contacts with California than Helicopteros had with Texas. Goldsmith Entertainment has only had sporadic contacts with California through the use of interstate mail and wires. Such contacts, by themselves, fall short of the contacts necessary to establish general jurisdiction over a defendant. See Peterson v. Kennedy, 771 F.2d 1244, 1262 (9th Cir.1985), cert. denied, 475 U.S. 1122 (1986).
 
 
 14
 Although Harvey Goldsmith, the president of Goldsmith Entertainment, has paid several visits to California over the course of the last few years, plaintiff has failed to prove that any of Goldsmith's visits were related to his official duties as president of the corporation. On the contrary, there appears to be little disagreement that Harvey Goldsmith visited California either in his capacity as President and Director of the Live Aid Foundation, a California nonprofit public benefit corporation, or in his capacity as Director of Radiovision International. There is no evidence in the record that Harvey Goldsmith transacted any business on behalf of Goldsmith Entertainment during any of these visits. Accordingly, the district court correctly concluded that it could not exercise general jurisdiction over Goldsmith Entertainment.
 
 
 15
 The district court also was correct in concluding that it could not exercise general jurisdiction over Harry Goldsmith. Goldsmith's visits to California in connection with his duties as officer of the Live Aid Foundation and of Radiovision and for other, non-business purposes, cannot subject him to the general jurisdiction of this Court. See Forsythe v. Overmyer, 576 F.2d 779, 783-84 (9th Cir.1978), cert. denied, 439 U.S. 864 (1979) ("[A] corporate officer who has contact with a forum state only with regard to the performance of his official duties is not subject to personal jurisdiction in that forum."); see also Davis & Cox v. Summa Corp., 751 F.2d 1507, 1526-27 (9th Cir.1985) (holding that business and vacation trips to forum for an average of three weeks per year do not establish general jurisdiction over nonresident defendants).
 
 B
 
 16
 We must now decide whether the contacts in this case enable a district court in California to exercise specific jurisdiction over the Goldsmith defendants. We have articulated a three-part test for establishing specific jurisdiction: 1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must arise out of or result from defendant's forum-related activities; 3) exercise of jurisdiction must be reasonable. Roth, 924 F.2d at 620-21. After inquiring into the existence of each one of these factors, we must conduct the requisite balancing inquiry.
 
 1. Purposeful Availment
 
 17
 In this case, it is undisputed that the Goldsmith defendants did not reach out to get involved in the earthquake benefit. On the contrary, just as in Roth, it was a California party (Shepherd) who initiated the contacts. In such circumstances, absent any other affirmative act by the defendant, we have been reluctant to conclude that a defendant has purposefully availed himself of the privilege of conducting activities in the forum, even when the defendant has ultimately agreed to enter into a contractual relationship with the forum party. Roth, 942 F.2d at 621.
 
 
 18
 Artas has not been able to point to the requisite affirmative act or conduct by the Goldsmith defendants. Neither Harvey Goldsmith nor any other employee of Goldsmith Entertainment traveled to California to conduct business related to the earthquake benefit. The contract itself was negotiated and signed in London. All solicitations of California-based artists who would participate in the benefit concert were initiated by Shepherd. Finally, unlike the contract in Roth, the contract here did not contemplate any future consequences in California since it covered a benefit concert that was to take place in Moscow.
 
 
 19
 Artas argues that Goldsmith's telephone and fax contacts with Shepherd in the planning stages of the benefit concert amount to the required affirmative conduct. However, "[b]oth this court and the courts of California have concluded that ordinarily use of mails, telephone, or other international communications do not qualify as purposeful activity invoking the benefits and protection of the forum state." Peterson, 771 F.2d at 1262 (9th Cir.1985) (internal quotations and citations omitted). Under Peterson, the telephone and fax contacts, by themselves, are not sufficient. Accordingly, we hold that plaintiffs have failed to prove that the Goldsmith defendants have purposefully availed themselves of the privilege of conducting activities in the forum by some affirmative act or conduct.
 
 2. Arising Out of Forum-Related Activities
 
 20
 Artas alleges that Shepherd rescinded the agreement with Artas because of pressure by Harvey Goldsmith to do so. Goldsmith argues that, even if he did exert such pressure, he did so in London. Thus, he contends that the injury did not arise out of his forum-related activities. Artas counters that some of the pressure was applied in the course of telephone conversations between London and Los Angeles, some of which were initiated by Goldsmith. There is no indication in the record that Goldsmith has denied this allegation.
 
 
 21
 If Goldsmith called Shepherd from London and pressured him to rescind the agreement, we believe this act would be sufficient to establish that Artas' claim "arise[s] out of defendant's forum-related activities." Defendant's absence from the forum is immaterial both because an activity can be forum-related without taking place in the forum and also because "many transactions take place solely by mail or wire across state lines, obviating the need for physical presence.... Thus, the physical absence of the defendant and the transaction from the forum cannot defeat the exercise of personal jurisdiction." Shute v. Carnival Cruise Lines, 897 F.2d 377, 382, (9th Cir.1990), rev'd on other grounds, 111 S.Ct. 1522 (1991). In any case, however, "[a]n out-of-state act having an effect within the state may be sufficient to support jurisdiction...." Forsythe, 576 F.2d at 783. Accordingly, we conclude that this factor weighs in favor of the exercise of jurisdiction.
 
 3. Reasonableness
 As we explained in Roth:
 
 22
 We have set forth a congeries of factors to be considered in determining whether the exercise of jurisdiction over a nonresident defendant satisfies the reasonableness test: 1) the extent of the defendant's purposeful interjection into the forum state's affairs; 2) the burden on the defendant; 3) conflicts of law between the forum and defendant's home jurisdiction; 4) the forum's interest in adjudicating the dispute; 5) the most efficient judicial resolution of the dispute; 6) the plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum.
 
 
 23
 Roth, 942 F.2d at 623 (citations omitted). "Since none of these factors is dispositive, we must balance the seven." Id. (citations omitted).
 
 
 24
 As we explained above, defendants' purposeful interjection into the forum state's affairs is minimal. The first factor weighs in favor of the defendants. Because the defendant does not maintain any permanent presence in California, the burdens on the defendants of defending in California are substantial. However, in light of Goldsmith's frequent visits to California, they cannot be termed prohibitive. Therefore, the second factor weighs only slightly in favor of the defendants. Having failed to note any strong conflict between California and English law in relation to his dispute, we do not think the third factor weighs more heavily in favor of defendants in this case than in any other case involving a foreign defendant. The fourth factor cuts both ways. On one hand, California has an interest in affording some protection to foreign companies such as Artas, which, having solicited business in California, are injured by some California-related activity of another foreign company. On the other hand, California has an interest in assuring foreign companies that they will not be hauled into court in California simply because they have responded to some solicitations by a California-based business. The fifth factor also holds no edge for either party: the desire for the most efficient resolution of the dispute favors Los Angeles and London equally as convenient fora. The sixth factor, by definition, favors Artas while the seventh factor points towards London as an available alternative forum.
 
 
 25
 In sum, four factors favor a finding of unreasonableness; one factor favors a finding of reasonableness; and the remaining factors are toss-ups. Accordingly, we conclude that the exercise of jurisdiction would be, for the greater part, unreasonable.
 
 4. Balancing the Three Prongs
 
 26
 In the last analysis, two of the prongs favor dismissal while only one prong favors the exercise of jurisdiction. Balancing the three prongs, we conclude that the district court did not err in holding that it lacked specific jurisdiction. In the absence of a compelling reason, we refuse to uphold specific jurisdiction over a foreign defendant whose sole dispute-related contact with California was a series of telephone conversations to conclude a business deal that was initiated by a California business.
 
 
 27
 Having concluded that the district court was correct in finding that it had neither general nor specific jurisdiction over the Goldsmith defendants, we affirm its dismissal of those two defendants for want of personal jurisdiction.[2]
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Counsel for the Goldsmith defendants urges us to dismiss the appeal based on Artas' failure to file its opening brief on time. It appears that Artas filed its opening brief five days late. Although we have the discretion to dismiss this appeal under Ninth Circuit Rule 31-2.4, we are under no obligation to do so. Because appellees have not claimed that they have been prejudiced as a result of the delay and the delay was for five days only, we decline to exercise our discretion to dismiss. We do not mean to condone, however, Artas' failure to follow the briefing schedule
 
 
 [2]
 We consider and reject Artas' argument that the court has jurisdiction over the Goldsmith defendants under the theory that those defendants were in an unincorporated association with certain California entities, including Shepherd and Radiovision International. There is no evidence in the record to support the factual predicate of this theory: that such an unincorporated association exists
 We also reject Artas' argument that we should decide the jurisdictional question on the basis of the Goldsmith defendants' national contacts because this case involves an antitrust issue. Because Artas failed to raise this issue below, we deem it waived.
 We express no views, however, as to whether specific jurisdiction exists over Goldsmith in his capacity as director of the Los Angeles-based Radiovision International. Due to plaintiff's failure to state a claim, the district court dismissed Radiovision without prejudice.